# No. 23-947

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

—————————

NOW-CASTING ECONOMICS, LTD.,

*Plaintiff-Counter-Defendant-Appellee,*

v.

ECONOMIC ALCHEMY LLC,

*Defendant-Counter-Claimant-Third-Party-Plaintiff-Third-Party-Defendant-Counter-Claimant-Third-Party-Plaintiff-Appellant,*

v.

FEDERAL RESERVE BANK OF NEW YORK,

*Third-Party-Plaintiff-Third-Party-Defendant-Appellee,*

*(Caption continued on inside cover)*

—————————

On Appeal from the United States District Court for the Southern District of New York, No. 18-cv-2442, Hon. John P. Cronan, U.S. District Judge

—————————

## RESPONSE BRIEF FOR APPELLEE
## FEDERAL RESERVE BANK OF NEW YORK

—————————

Bruce W. Baber
KING & SPALDING LLP
1180 Peachtree Street NE
Suite 1600
Atlanta, GA 30309
(404) 572-4826
bbaber@kslaw.com

Jeremy M. Bylund
Zoe M. Beiner
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 737-0500
jbylund@kslaw.com

*Counsel for Federal Reserve Bank of New York*

December 22, 2023

FEDERAL RESERVE BANK OF GOVERNORS,

*Third-Party-Defendant-Appellee*,

FEDERAL RESERVE BANK OF SAN FRANCISCO, FEDERAL RESERVE BANK OF CHICAGO, FEDERAL RESERVE BANK OF PHILADELPHIA, FEDERAL RESERVE BANK OF BOSTON, FEDERAL RESERVE BANK OF ATLANTA, FEDERAL RESERVE BANK OF MINNEAPOLIS, FEDERAL RESERVE BANK OF DALLAS, FEDERAL RESERVE BANK OF RICHMOND, FEDERAL RESERVE BANK OF KANSAS CITY, FEDERAL RESERVE BANK OF CLEVELAND, FEDERAL RESERVE BANK OF ST. LOUIS,

*Third-Party-Defendants.*

## CORPORATE DISCLOSURE STATEMENT

The Federal Reserve Bank of New York ("New York Fed") is a corporation chartered under the laws of the United States pursuant to the Federal Reserve Act of 1913, 12 U.S.C. § 221 *et seq.* The New York Fed is an instrumentality of the United States Government and has no parent company or publicly owned subsidiaries or affiliates.

Although stock of the New York Fed is owned by commercial member banks within the Second Federal Reserve District, none of the stockholders control the New York Fed. New York Fed stock, unlike stock in a typical private corporation, is not acquired for investment purposes or for purposes of control. Rather, such stock is acquired because its ownership is a condition of membership in the Federal Reserve System. Unlike owners of a typical private corporation, stockholders of the New York Fed do not possess a residual equity interest in its assets. That residual interest remains always with the United States.

This statement is made pursuant to Federal Rule of Appellate Procedure 26.1.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT.............................................i

TABLE OF AUTHORITIES.................................................. iii

INTRODUCTION ......................................................................1

JURISDICTION ......................................................................2

STATEMENT OF THE ISSUES......................................................3

STATEMENT OF THE CASE AND FACTS...........................................3

    A.    Background..............................................................3

        1.    The Underlying Dispute Between Now-Casting
            and Economic Alchemy.................................................3

        2.    Economic Alchemy's Independent Dispute With
            the Federal Reserve .....................................................5

    B.    Procedural History ................................................7

SUMMARY OF ARGUMENT ......................................................9

STANDARDS OF REVIEW ....................................................11

ARGUMENT.......................................................................11

I.    The District Court Properly Declined to Permit Joinder of
    the New York Fed Under Rule 14(a)(1).........................................11

II.    The District Court Correctly Dismissed With Prejudice the
    Third-Party Complaint for Failure to State a Claim....................15

CONCLUSION .....................................................................20

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .......................................................... 15, 16

*Bank of India v. Trendi Sportswear, Inc.,*
   239 F.3d 428 (2d Cir. 2000) ........................................... 10, 12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................ 15

*Blais Constr. Co. v. Hanover Square Assocs.-I,*
   733 F. Supp. 149 (N.D.N.Y. 1990) ........................................ 11

*Chanel, Inc. v. WGACA, LLC,*
   No. 18 CIV. 2253 (LLS),
   2018 WL 4440507 (S.D.N.Y. Sept. 14, 2018) ...................... 17

*City of Syracuse v. Onondaga Cnty.,*
   464 F.3d 297 (2d Cir. 2006) ................................................... 11

*Coach, Inc. v. Horizon Trading USA Inc.,*
   908 F. Supp. 2d 426 (S.D.N.Y. 2012)..................................... 18

*Comm. for Monetary Reform*
   *v. Bd. of Governors of Fed. Rsrv. Sys.,*
   766 F.2d 538 (D.C. Cir. 1985) .................................................. 5

*Dow Jones & Co. v. Int'l Sec. Exch., Inc.,*
   451 F.3d 295 (2d Cir. 2006) ................................................... 17

*Eaves v. Designs for Fin., Inc.,*
   785 F. Supp. 2d 229 (S.D.N.Y. 2011)..................................... 19

*Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill,*
   443 U.S. 340 (1979) .................................................................. 5

*Fed. Rsrv. Bank v. Econ. Alchemy LLC,*
   No. 91234297 (T.T.A.B. Jan. 17, 2019), Dkt. Entry 34 ........ 6

*Fed. Rsrv. Bank v. Econ. Alchemy LLC*,
    No. 91234297 (T.T.A.B. Nov. 28, 2022), Dkt. Entry 47 ...................... 6

*Fed. Rsrv. Bank v. Econ. Alchemy LLC*,
    No. 92066141 (T.T.A.B. Oct. 15, 2021), Dkt. Entry 25 ....................... 6

*Fed. Rsrv. Bank v. Econ. Alchemy LLC*,
    No. 92066152 (T.T.A.B. Oct. 15, 2021), Dkt. Entry 26 ....................... 6

*FN Cellars, LLC v. Union Wine Co.*,
    No. 15-cv-02301,
    2015 WL 5138173 (N.D. Cal. Sept. 1, 2015) ...................................... 14

*Genesee Brewing Co. v. Stroh Brewing Co.*,
    124 F.3d 137 (2d Cir. 1997) ................................................................ 17

*In re Ferrellgas Partners, L.P., Sec. Litig.*,
    No. 16 Civ 7840 (RJS),
    2018 WL 2081859 (S.D.N.Y. Mar. 30, 2018) .................................... 20

*Index Fund Inc., v. Hagopian*,
    417 F. Supp. 738 (S.D.N.Y. 1976) ................................................ 10, 12

*Kenneth Leventhal & Co. v. Joyner Wholesale Co.*,
    736 F.2d 29 (2d Cir. 1984) ............................................... 10, 11, 12, 13

*Kim v. Kimm*,
    884 F.3d 98 (2d Cir. 2018) ................................................................ 11

*Medisim Ltd. v. BestMed LLC*,
    No. 10 Civ 2463(SAS),
    2012 WL 1450420 (S.D.N.Y. Apr. 23, 2012) .................................... 18

*Olympic Corp. v. Societe Generale*,
    462 F.2d 376 (2d Cir. 1972) .............................................................. 11

*Se. Mortg. Co. v. Mullins*,
    514 F.2d 747 (5th Cir. 1975) ............................................................. 10

*Sec. Indus. Ass'n v. Bd. of Governors of Fed. Rsrv. Sys.*,
    468 U.S. 137 (1984) ............................................................................ 5

iv

*Siemens Westinghouse Power Corp. v. Dick Corp.*,
  299 F. Supp. 2d 242 (S.D.N.Y. 2004) .................................................. 14

*Telecom Int'l Am., Ltd. v. AT&T Corp.*,
  No. 96-Civ.1336,
  1999 WL 777954 (S.D.N.Y. Sept. 30, 1999) ....................................... 12

*Valley Lane Indus. Co.*
  *v. Victoria's Secret Direct Brand Mgmt., L.L.C.*,
  455 F. App'x 102 (2d Cir. 2012) ......................................................... 19

*Whole E Nature, LLC v. Wonderful Co.*,
  No. 17cv10-LAB(KSC),
  2017 WL 4227150 (S.D. Cal. Sept. 22, 2017) ..................................... 14

*Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*,
  286 F. Supp. 3d 634 (S.D.N.Y. 2017) ............................................. 13, 14

**Statutes & Rules**

12 U.S.C. § 248(j) ..................................................................................... 5

12 U.S.C. § 341 ......................................................................................... 5

15 U.S.C. § 1051 ....................................................................................... 2

15 U.S.C. § 1114 ..................................................................................... 16

15 U.S.C. § 1125(a) ................................................................................ 16

28 U.S.C. § 1291 ....................................................................................... 3

28 U.S.C. § 1294 ....................................................................................... 3

28 U.S.C. § 1331 ....................................................................................... 2

28 U.S.C. § 2201 ....................................................................................... 2

N.Y. Gen. Bus. Law § 349 ...................................................................... 17

Fed. R. Civ. P. 12(b)(6) ..................................................................... 11, 15

Fed. R. Civ. P. 19(a)(1)(A) ..................................................................... 15

v

**Other Authorities**

6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
Federal Practice and Procedure § 1446 (2d ed. 1990) ........................ 15

## INTRODUCTION

The underlying action concerns a trademark dispute between Defendant-Appellant Economic Alchemy LLC ("Economic Alchemy"), the holder of now-expired trademark registrations, and Plaintiff-Appellee Now-Casting Economics, Ltd. ("Now-Casting"). After four years of discovery (that did not involve the Federal Reserve Bank of New York ("New York Fed")), Now-Casting obtained on summary judgment a declaratory judgment of non-infringement and judgment in its favor on Economic Alchemy's counterclaims. Even though the New York Fed, part of the central bank of the United States, is not involved in any way in the dispute between Economic Alchemy and Now-Casting, Economic Alchemy attempted to assert third-party claims against the New York Fed for trademark infringement and breach of an unspecified contract. The district court correctly dismissed the New York Fed early in the case on two independent grounds.

First, Economic Alchemy's purported third-party complaint failed to properly join or implead the New York Fed under Rule 14(a) of the Federal Rules. Rule 14(a)(1) restricts the joinder or impleader of a nonparty to one "who is or may be liable to [a defending party] for all or

part of the claims against it." Economic Alchemy does not, and cannot, allege that the New York Fed is liable to it for the claims brought against it by the original plaintiff, Now-Casting, seeking a declaratory judgment of non-infringement and invalidity and cancellation of Economic Alchemy's trademark registrations. A straightforward application of Rule 14(a) therefore compels affirmance of the District Court's dismissal of Economic Alchemy's third-party complaint.

Second, the district court correctly held that the third-party complaint failed to state a claim. As detailed below, Economic Alchemy's cursory factual allegations and unsupported conclusions do not remotely support its infringement and breach of contract claims against the New York Fed. This Court should affirm the district court's dismissal with prejudice of the claims asserted against the New York Fed in their entirety.

## JURISDICTION

The district court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Appellee Now-Casting sought relief under the Lanham Act, 15 U.S.C. § 1051, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

The district court dismissed the third-party complaint with prejudice on September 24, 2019, and entered final judgment three years later, on September 15, 2022. A-15, A-28. This Court therefore has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1294(1) because this is an appeal from a final judgment of the District Court for the Southern District of New York.

## STATEMENT OF THE ISSUES

(1) Whether the district court acted within its sound discretion to dismiss Economic Alchemy's third-party complaint for improper joinder.

(2) Whether the district court properly dismissed with prejudice Economic Alchemy's third-party complaint for failure to state a claim.

## STATEMENT OF THE CASE AND FACTS

### A. Background

#### 1. The Underlying Dispute Between Now-Casting and Economic Alchemy

This case is a trademark dispute between Now-Casting and Economic Alchemy. Now-Casting describes itself as a "specialist economic prediction and forecasting business" that publishes "high frequency economic forecasting data from an automated platform." A-34.

Now-Casting has operated under the name "Now-Casting Economics Ltd." since at least May 2011. A-35.

Economic Alchemy is also in the business of economic prediction and creates what it calls "nowcasts" of economic conditions. A-38. At the time Now-Casting filed its Complaint in 2018, Economic Alchemy held two federal trademark registrations in Class 35 for the terms "NOWCAST" and "NOW-CAST," which it obtained in May 2013. A-38–39.

Now-Casting initiated proceedings in March 2017 against Economic Alchemy before the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office to cancel Economic Alchemy's trademark registrations and oppose a separate, pending trademark application. A-73. Now-Casting moved to suspend the TTAB proceedings pending resolution of this civil action. A-93. In accordance with long-standing TTAB practice, the TTAB proceedings between Economic Alchemy and Now-Casting were suspended in August of 2018 pending disposition of this civil action.[1]

---

[1] *See* A-636, A-642–45 (TTAB consolidating and suspending proceedings in Opposition 91233160, Cancellation No. 92065549 and Cancellation No. 92067090).

### 2. Economic Alchemy's Independent Dispute With the Federal Reserve

Economic Alchemy is also a party to a separate proceeding before the TTAB involving the twelve Federal Reserve Banks that are part of the Federal Reserve System, the nation's central bank. A-104. The Federal Reserve System consists of the Board of Governors of the Federal Reserve System ("Board of Governors"), a federal agency, the Federal Open Market Committee, and the twelve Federal Reserve Banks across the country. *Sec. Indus. Ass'n v. Bd. of Governors of Fed. Rsrv. Sys.*, 468 U.S. 137, 142 (1984); *Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill*, 443 U.S. 340, 344–45 (1979). The Federal Reserve Banks were chartered pursuant to the Federal Reserve Act and are federal instrumentalities that serve as the operating arm of the Federal Reserve System. 12 U.S.C. §§ 248(j) and 341. The Federal Reserve Act directs the Federal Reserve to serve the public interest by setting and implementing monetary policy. *See Comm. for Monetary Reform v. Bd. of Governors of Fed. Rsrv. Sys.*, 766 F.2d 538, 539 (D.C. Cir. 1985) (one "principal function[] of the Federal Reserve System is the conduct of monetary policy, the aim of which is to promote national economic goals through influence on the availability and cost of bank reserves, bank credit, and money"). Federal Reserve

Bank functions include gathering and analyzing information necessary for formulating a national monetary policy.  A-101.

In May of 2017, the twelve Federal Reserve Banks filed petitions with the TTAB to cancel Economic Alchemy's then-existing trademark registrations and filed an opposition to a pending application filed by Economic Alchemy, all on the basis that the term "nowcast" is generic and widely used in the industry, and therefore ineligible for trademark protection.  A-103.  The three TTAB proceedings between the Federal Reserve Banks and Economic Alchemy were suspended in January 2019.[2]  Two of the proceedings were terminated in 2021 after two of Economic Alchemy's trademark registrations were cancelled,[3] and the third proceeding remains pending but suspended.[4]

---

[2] *See Fed. Rsrv. Bank v. Econ. Alchemy LLC*, No. 91234297 (T.T.A.B. Jan. 17, 2019), Dkt. Entry 34 (suspending proceedings in Opposition No. 91234297, Cancellation No. 92066141 and Cancellation No. 92066152), *available at* http://tinyurl.com/5nbmvvsm.

[3] *See Fed. Rsrv. Bank v. Econ. Alchemy LLC*, No. 92066141 (T.T.A.B. Oct. 15, 2021), Dkt. Entry 25 (granting petition to cancel), *available at* http://tinyurl.com/3smp88ef; *Fed. Rsrv. Bank v. Econ. Alchemy LLC*, No. 92066152 (T.T.A.B. Oct. 15, 2021), Dkt. Entry 26 (granting petition to cancel), *available at* http://tinyurl.com/mrxbbjrn.

[4] *See Fed. Rsrv. Bank v. Econ. Alchemy LLC*, No. 91234297 (T.T.A.B. Nov. 28, 2022), Dkt. Entry 47 (continuing suspension of proceedings), *available at* http://tinyurl.com/55ua83z2.

### B.    Procedural History

On March 19, 2018, Now-Casting filed a complaint for declaratory judgment against Economic Alchemy in the Southern District of New York, seeking cancellation of Economic Alchemy's trademark registrations for the terms NOWCAST and NOW-CAST, a declaration of noninfringement, and an order restraining Economic Alchemy from interfering with Now-Casting's future use of the terms.  A-32.  Economic Alchemy filed an amended answer on August 21, 2018.  A-79.  The amended answer asserted a counterclaim against Now-Casting and, for the first time, a third-party complaint against the twelve Federal Reserve Banks.[5]

In its third-party complaint, Economic Alchemy alleged that the Federal Reserve entities had infringed Economic Alchemy's trademarks by "offer[ing] various services and products under the name NOWCAST." A-102.  The complaint further alleged that software developers at the Federal Reserve Banks of Boston and New York "signed up" for Economic Alchemy's NOW-CAST service in September 2015 and September 2016

---

[5] The third-party complaint also asserted claims against the Board of Governors; however, the Board of Governors was never served and did not participate in the case below.  *See* CA2 ECF 54 (Letter to Court).

respectively. A-103. Economic Alchemy alleged that the Banks "agree[d] to the terms and conditions of such service." *Id.* It also alleged that the New York Bank launched a "Nowcasting Report" in April 2016. A-102. Economic Alchemy claims it sent cease-and-decease letters regarding these activities. A-104. Based on this alleged conduct, the third-party complaint asserted five causes of action, four of which were asserted against all the Federal Reserve Banks and one of which was asserted only against the New York Fed and the Federal Reserve Bank of and Boston. A-105 to A-108.

The twelve Federal Reserve Banks moved to dismiss on multiple grounds, including for (1) lack of personal jurisdiction and improper venue (as to all Banks except the New York Fed) and (2) improper joinder and failure to state a claim (as to all the Federal Reserve Banks). A-159, A-167. The district court granted the Federal Reserve Banks' motion to dismiss on all grounds with prejudice on September 24, 2019. A-15. The case between Now-Casting and Economic Alchemy continued for several years without the Federal Reserve Banks' participation. Now-Casting eventually moved for summary judgment and the district court granted Now-Casting's motion in its entirety on September 15, 2022. A-28.

Economic Alchemy appealed. The parties agreed to a Rule 42 stipulated dismissal of eleven Federal Reserve Banks, leaving the New York Fed as the only remaining Federal Reserve Bank in this appeal. CA2 ECF 89.

## SUMMARY OF ARGUMENT

The district court correctly dismissed Economic Alchemy's third-party complaint against the New York Fed.

***First,*** the New York Fed is not part of the dispute between Economic Alchemy and Now-Casting. There is no suggestion that the New York Fed is liable to Economic Alchemy for any of Now-Casting's claims against it. Rule 14(a) only permits joinder of a nonparty "who is or may be liable to [a defending party] for all or part of the claim[s] against it." Fed. R. Civ. P. 14(a). Economic Alchemy does not and cannot assert that the New York Fed bears any liability for the declaratory judgment and trademark cancellation claims asserted by Now-Casting against Economic Alchemy in the main action. Instead, Economic Alchemy seeks joinder because it is engaged in a separate dispute with the New York Fed at the TTAB over the same trademarks.

9

The presence of a separate dispute regarding the same trademarks does not permit joinder. To the contrary, joinder is improper where the third-party complaint merely "rise[s] out of the same general set of facts as the main claim" but the third party's liability is not derivative of the outcome of the main claim. *See Index Fund Inc., v. Hagopian*, 417 F. Supp. 738, 743–44 (S.D.N.Y. 1976) (quoting *Se. Mortg. Co. v. Mullins,* 514 F.2d 747, 750 (5th Cir. 1975) (collecting cases) (cited with approval by Second Circuit in *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam)); *see also Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437–38 (2d Cir. 2000).

***Second***, Economic Alchemy fails to plead sufficient facts to support its claims. Economic Alchemy asserts that the New York Fed infringed its trademarks, but it alleges no facts concerning the New York Fed's use of the marks in commerce or how the alleged use could likely cause confusion. Economic Alchemy similarly claims the New York Fed is liable for breach of contract without identifying the specific contract between the parties or any allegedly applicable contractual terms. Given these obvious pleading defects, the district court properly dismissed

Economic Alchemy's third-party complaint without leave to amend. This Court should affirm.

## STANDARDS OF REVIEW

*Standard for Reviewing Dismissal for Improper Joinder or Impleader.* "The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." *Kenneth Leventhal & Co.*, 736 F.2d at 31; *see also Olympic Corp. v. Societe Generale*, 462 F.2d 376, 379 (2d Cir. 1972) ("[I]mpleader practice is discretionary."); *City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 307 (2d Cir. 2006) (reviewing joinder for an abuse of discretion).

*Standard for Reviewing Rule 12(b)(6) Dismissals*. This Court reviews *de novo* a district court's grant of a motion dismiss pursuant to Rule 12(b)(6). *Kim v. Kimm*, 884 F.3d 98, 102–03 (2d Cir. 2018).

## ARGUMENT

## I. The District Court Properly Declined to Permit Joinder of the New York Fed Under Rule 14(a)(1).

A trial court has significant discretion over whether to permit joinder. *Blais Constr. Co. v. Hanover Square Assocs.-I*, 733 F. Supp. 149, 158 (N.D.N.Y. 1990); *see also Kenneth Leventhal & Co.*, 736 F. 2d at 31 (whether to permit joinder ultimately "rests in the trial court's

11

discretion"). The district court properly exercised its discretion in denying joinder of the New York Fed under Rule 14(a)(1).

Rule 14(a) authorizes a defending party to join or implead a nonparty "who is or may be liable to it for all or part of the claim against it." This requirement of secondary liability "means that the impleader action must be dependent on, or derivative of, the main or third-party claim." *Bank of India*, 239 F.3d at 438 (citing *Telecom Int'l Am., Ltd. v. AT&T Corp.*, No. 96-Civ.1336, 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999)). Stated otherwise, "the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant." *Index Fund Inc.,* 417 F. Supp. at 743–44 (quotation marks omitted) (cited with approval by Second Circuit in *Kenneth Leventhal & Co.*, 736 F.2d at 31). Absent this attempted transfer of liability, joinder under Rule 14(a) is improper. *See Kenneth Leventhal & Co.*, 736 F.2d at 31 (affirming dismissal of the third-party complaint because "[w]hatever the liquor suppliers did, it simply has nothing to do with the harm [defendant] allegedly caused the plaintiffs" as alleged in the main claims in the operative complaint).

12

Economic Alchemy does not suggest—nor could it—that the New York Fed bears any liability for any alleged harms inflicted upon it by Now-Casting or vice-versa. In its complaint, Now-Casting sought declarations that Economic Alchemy's trademarks are invalid, and that Now-Casting has not infringed those trademarks. In its third-party complaint, Economic Alchemy alleged that the New York Fed infringed its trademarks and breached unrelated, unspecified contracts. These are separate disputes: none of the alleged "harm" flowing between Now-Casting and Economic Alchemy can be traced to the New York Fed. Joinder is therefore improper. *See Kenneth Leventhal & Co.*, 736 F.2d at 31.

Economic Alchemy argues that Rule 14(a) permits joinder where it furthers judicial economy. Opening Brief at 27–28. But Economic Alchemy's only cited authority for that proposition, *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, actually confirms that "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 286 F. Supp. 3d 634, 656 (S.D.N.Y. 2017) (quotation marks omitted). Notably, the court in *Zahar* ordered the

defendant to explain why its allegations—which involved "the same cast of characters and investment activities" as the original action—were dependent on the outcome of the original action because "a third-party complaint *cannot* be used to bring in other matters that may have some relationship to the case." *Id.* at 656–57 (emphasis added) (quotation marks omitted).

Economic Alchemy also cites two California district court cases for the proposition that a declaratory judgment action is preferable to TTAB proceedings. Opening Brief at 28 (citing *FN Cellars, LLC v. Union Wine Co.*, No. 15-cv-02301, 2015 WL 5138173, at *4 (N.D. Cal. Sept. 1, 2015) and *Whole E Nature, LLC v. Wonderful Co.*, No. 17cv10-LAB(KSC), 2017 WL 4227150, at *4 (S.D. Cal. Sept. 22, 2017)). Those cases are inapposite and irrelevant. As a district court in this circuit has held in circumstances far more directly on-point, "[e]ven though the third-party claims involve the same [trademarks] as the principal complaint, '[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough [to permit joinder].'" *Siemens Westinghouse Power Corp. v. Dick Corp.*, 299 F. Supp. 2d 242, 248 (S.D.N.Y. 2004) (quoting 6 Charles Alan Wright, Arthur R.

Miller, & Mary Kay Kane, Federal Practice and Procedure § 1446, at 377–78 (2d ed. 1990)).

Economic Alchemy does not and cannot show its third-party claims are derivative of the main action.  The district court did not abuse its discretion in declining to join the New York Fed as a third party under Rule 14(a), and there is no basis to disturb its sound decision.[6]

## II.  The District Court Correctly Dismissed With Prejudice the Third-Party Complaint for Failure to State a Claim.

The district court's holding that Economic Alchemy failed to state a claim under Rule 12(b)(6) is correct and should also be affirmed. Economic Alchemy bears the burden to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a Court

---

[6] As the district court held, SPA-19, Economic Alchemy also cannot satisfy Rule 19(a)(1)(A) because Economic Alchemy has never explained why the New York Fed's presence in this case is necessary to accord Now-Casting the declaratory and injunctive relief sought in its complaint.  Nor could Economic Alchemy make such a showing, because the New York Fed is not a necessary party.

should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Economic Alchemy argues that it may bring a third-party complaint because the Federal Reserve Banks claimed to have an interest in the marks and "there was a genuine controversy concerning trademark rights" between it and the New York Fed. Opening Brief at 29. But the question is not whether a dispute exists; the question is whether Economic Alchemy sufficiently pleaded its causes of action. It did not.

Economic Alchemy's first three causes of action—infringement under the Lanham Act, 15 U.S.C. § 1114(a), false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and common law infringement/unfair competition—all require Economic Alchemy to allege facts sufficient to show that the New York Fed, part of the nation's central bank, (1) used the challenged trademarks "in commerce," (2) without Economic Alchemy's approval, and (3) that such use caused a likelihood of confusion. 15 U.S.C. § 1114 (providing elements of infringement), § 1125(a) (providing elements of false designation of origin); *Chanel, Inc. v. WGACA, LLC*, No. 18 CIV. 2253 (LLS), 2018 WL

4440507, at \*4 (S.D.N.Y. Sept. 14, 2018) ("Under New York law, common law unfair competition claims closely resemble Lanham Act claims." (quoting *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997)).

Economic Alchemy, however, alleges only a single instance of the New York Fed using the term "nowcast": that the New York Fed launched an "infringing 'Nowcasting Report'" in April 2016. A-102. Economic Alchemy does not elaborate on the content of the report, whether it was used in commerce, whether it was distributed, to whom it was distributed, or whether the alleged use of the name "Nowcasting Report" was likely to cause confusion. "Without any factual allegations concerning the nature of the threatened use," Economic Alchemy's claims cannot survive a motion to dismiss. *Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307–08 (2d Cir. 2006) (dismissing similarly bare allegations as insufficient under the *less* demanding, pre-*Iqbal*/*Twombly* notice-pleading standard).

Economic Alchemy's fourth cause of action, brought under the New York Deceptive Business Practices, N.Y. Gen. Bus. Law § 349, also fails. Trademark infringement claims "are not cognizable under section[] 349

17

. . . unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 435 (S.D.N.Y. 2012) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463(SAS), 2012 WL 1450420, at *3 n. 21 (S.D.N.Y. Apr. 23, 2012)). Even if Economic Alchemy's allegation that an employee at the New York Fed launched an "infringing 'Nowcasting Report,'" A-102, could establish "ordinary trademark infringement," this allegation is "not distinct from the very harm that trademark laws generally seek to redress." *Coach*, 908 F. Supp. 2d at 435–36 (quotation marks omitted) (dismissing § 349 claim where plaintiff only alleged that the defendants' unauthorized use of its marks was misleading to the public).

Economic Alchemy's fifth and final claim is for breach of contract. This claim is based on the bare allegation that a New York Fed employee "signed up for Economic Alchemy's NOW-CAST Service, thereby agreeing to the terms and conditions of such service." A-103. To state a claim for breach of contract, however, Economic Alchemy must allege specific facts regarding contract, including the "terms of the contract[] at issue." *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 258 (S.D.N.Y.

2011).  "[V]ague and conclusory allegations" that the parties "entered into a contract" are insufficient.  *Id.; see also Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 104 (2d Cir. 2012) ("Without providing additional factual allegations regarding, *inter alia*, the formation of the contract, the date it took place, and the contract's major terms, the proposed amended complaint similarly fails to sufficiently plead the existence of a contract.").

Economic Alchemy's complaint does not allege any specifics regarding the terms and conditions of the purported contract, or how the New York Fed allegedly breached that contract.  Given the absence of allegations to support the basic elements of a breach of contract action, the district court correctly dismissed Economic Alchemy's breach of contract claim with prejudice.

Finally, the district court acted well within its discretion in dismissing each of Economic Alchemy's threadbare and specious claims against the New York Fed with prejudice.  Economic Alchemy was unable to explain below how it could or would replead to avoid another dismissal. A-191–92.  When a party fails to explain how it could cure deficiencies upon repleading, district courts act within their discretion in dismissing

19

a complaint with prejudice. *In re Ferrellgas Partners, L.P., Sec. Litig.*, No. 16 Civ. 7840 (RJS), 2018 WL 2081859, at *20 (S.D.N.Y. Mar. 30, 2018).

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's dismissal with prejudice of Economic Alchemy's third-party complaint against the New York Fed in its entirety.

Respectfully submitted,

*/s/ Jeremy M. Bylund*

| | |
|---|---|
| Bruce W. Baber | Jeremy M. Bylund |
| KING & SPALDING LLP | Zoe M. Beiner |
| 1180 Peachtree Street NE | KING & SPALDING LLP |
| Suite 1600 | 1700 Pennsylvania Avenue NW |
| Atlanta, GA 30309 | Washington, DC 20006 |
| (404) 572-4826 | (202) 737-0500 |
| bbaber@kslaw.com | jbylund@kslaw.com |

*Counsel for Appellee Federal Reserve Bank of New York*

December 22, 2023

20

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because it contains 3,751 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

Date: December 22, 2023

*/s/ Jeremy M. Bylund*
Jeremy M. Bylund

*Counsel for Appellee Federal Reserve Bank of New York*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 22, 2023, an electronic copy of the foregoing was filed with the Clerk of Court using the ECF system and thereby served upon all counsel appearing in this case.

*/s/Jeremy M. Bylund*
Jeremy M. Bylund

*Counsel for Appellee Federal Reserve Bank of New York*