# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

NOW-CASTING ECONOMICS, LTD.,

> *Plaintiff-Counterclaim-Defendant-Appellee*,

v.                                                                No. 23-947

ECONOMIC ALCHEMY LLC,

> *Defendant-Counterclaimant-Third-Party-Plaintiff-Appellant*,

v.

FEDERAL RESERVE BANK OF NEW YORK,

> *Third-Party-Defendant-Appellee.*\*

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

| | |
|---|---|
| **FOR PLAINTIFF-COUNTERCLAIM-DEFENDANT-APPELLEE:** | Brian A. Katz, Katherine E. Mateo, Olshan Frome Wolosky LLP, New York, NY. |
| **FOR DEFENDANT-COUNTERCLAIMANT-THIRD-PARTY-PLAINTIFF-APPELLANT:** | Ronald D. Coleman, Dhillon Law Group Inc., Newark, NJ. |
| **THIRD-PARTY-DEFENDANT-APPELLEE:** | Bruce W. Baber, Jeremy M. Bylund, Zoe M. Beiner, King & Spalding LLP, Atlanta, GA, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, *J.*; Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 15, 2022 judgment of the district court is **AFFIRMED**.

This case concerns a trademark dispute. Plaintiff-Counterclaim-Defendant-Appellee Now-Casting Economics, Ltd. ("NCE") and Defendant-Counterclaimant-Third-Party-Plaintiff-Appellant Economic Alchemy LLC ("EA") are entities that provide services related to economic "nowcasting," which attempts to predict present economic conditions. EA timely appealed the district court's grant of summary judgment in favor of NCE, and the district court's dismissal of EA's third-party complaint against Third-Party-Defendant-Appellee Federal Reserve Bank of New York (the "NY Fed"). For the reasons explained below, we affirm.

## BACKGROUND

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and only recite them as necessary to explain our decision to affirm. NCE

began marketing its nowcasting services in the United States, using its present name, as early as February 2011. In May 2013, EA obtained the United States registrations for the marks "NOWCAST" and "NOW-CAST" (the "Marks"). In its registrations and applications for the Marks, EA stated that the date of first use of the Marks in commerce was January 2012.

In 2016, EA sent NCE a cease-and-desist letter alleging that NCE was infringing the Marks. In March 2018, NCE filed suit against EA in federal court seeking, as relevant here, a declaratory judgment stating it was not infringing the Marks. EA filed a counterclaim against NCE for, among other things, trademark infringement, and it also filed a third-party complaint against twelve Federal Reserve Banks, including the NY Fed.[2] The district court dismissed EA's third-party complaint with prejudice in September 2019. In January 2020, the United States Patent and Trademark Office ("PTO") cancelled EA's trademark registrations for the Marks on administrative grounds. In September 2022, the district court granted summary judgment in favor of NCE. On appeal, EA challenges the district court's grant of summary judgment in favor of NCE, and the district court's dismissal of its third-party complaint against the NY Fed.

## DISCUSSION

I. **General Trademark Law Principles**

Section 43(a) of the Lanham Act "protects qualifying unregistered trademarks" from infringement. *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 154 (2d Cir. 2007) (quoting *Two Pesos v. Taco Cabana*, 505 U.S. 763, 768 (1992)). A party asserting trademark infringement for an unregistered mark or dress under the Lanham Act "must prove (1) that the mark or dress is

---

[2] On appeal, the parties agreed to a stipulated dismissal of the other eleven Federal Reserve Banks and, therefore, the NY Fed is the only remaining Federal Reserve Bank in the instant appeal.

3

distinctive as to the source of the . . . service at issue, and (2) that there is the likelihood of confusion between the plaintiff's . . . service and that of the defendant." *Id.*; *see also* 15 U.S.C. § 1125(a)(1). "Preliminary to making this showing, however, a [party seeking trademark protection] must demonstrate its own right to use the mark or dress in question." *ITC Ltd.*, 482 F.3d at 154. "Whether a mark is entitled to protection depends, in part, upon a showing of prior use." *Excelled Sheepskin & Leather Coat Corp. v. Or. Brewing Co.*, 897 F.3d 413, 417 (2d Cir. 2018).

## II. EA Fails to Establish that the District Court Erred in Granting Summary Judgment in Favor of NCE

We review de novo a district court's grant of summary judgment. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). "We may affirm summary judgment on any ground supported by the record, even if it is not one on which the district court relied." *McElwee v. County of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

First, the district court did not err by placing the burden on EA to prove that NCE infringed the Marks. The law is clear that in an action seeking a declaration that a party is not infringing a mark, as in this case, the party seeking protection of the mark has the burden to prove infringement. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014) ("[I]n a licensee's declaratory judgment action, the burden of proving infringement should remain with the patentee."); *see also Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 166 (2d Cir. 2016) (discussing that the alleged owner of a mark bears the burden of proving protected rights in a mark despite being declaratory judgment defendant). EA does not and cannot convincingly argue otherwise. Thus, to survive summary judgment, EA was required to produce sufficient

4

evidence showing that the Marks are entitled to protection.

Second, EA is wrong in its contention that evidence of the Marks' previous registrations was sufficient to meet its burden. EA's argument is that the PTO's *prior* registration of the Marks created a presumption that the Marks are *currently* protectable. EA is incorrect. Although "[a] certificate of registration with the PTO is prima facie evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce," *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999), "[t]he presumption of [a mark's protectability] that federal registration confers evaporates as soon as evidence of [the registration's] invalidity is presented," *id.* (quoting *Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 83 F.3d 169, 172 (7th Cir. 1996)); *see also* 15 U.S.C. § 1115(a). EA concedes that its registrations of the Marks were cancelled. As such, any presumption of protectability that registration usually confers has "evaporate[d]." *See Lane Capital Mgmt., Inc.*, 192 F.3d at 345.

Even if EA was entitled to a presumption of protectability, such a presumption is rebuttable. *See id.* ("[W]hen a plaintiff sues for infringement of its registered mark, the defendant bears the burden to rebut the presumption of mark's [protectability] by a preponderance of the evidence."). Here, NCE presented evidence sufficient to rebut any purported presumption of protectability, including uncontroverted evidence that it was the first user of the Marks in commerce. *Compare* App'x at 254–55 (NCE used the Marks in commerce as early as February 2011), *with* Confidential App'x at 1 (EA used the Marks in commerce as early as December 2011). This is ultimately fatal to EA's challenges to the summary judgment ruling. *See Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 419 (2015) ("Rights in a trademark are determined by the date of the

5

mark's first use in commerce."). In fact, EA has utterly failed to proffer *any* evidence rebutting NCE's evidence that NCE—*not* EA—was the senior user of the Marks.[3] Because EA did not present evidence from which a reasonable factfinder could conclude that it was the senior user, and, therefore, entitled to prevent NCE from using the Marks, it cannot meet its burden on summary judgment. *See ITC Ltd.*, 482 F.3d at 147 ("[S]o long as a person is the first to use a particular mark to identify his goods or services in a given market, . . . he is 'entitled to prevent others from using the mark to describe their own goods' in that market." (quoting *Defiance Button Mach. Co. v. C & C Metal Prods. Corp.*, 759 F.2d 1053, 1059 (2d Cir. 1985))). As such, we affirm the district court's grant of summary judgment in favor of NCE.

### III. EA Fails to Establish that the District Court Erred in Dismissing EA's Third-Party Complaint Against the NY Fed

The district court did not abuse its discretion in dismissing EA's third-party complaint against the NY Fed because the NY Fed was not a proper third-party defendant. *See Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984) ("The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." (citation omitted)).

First, EA has not shown that the NY Fed is or may be liable to it for NCE's claim against EA for non-infringement. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). EA does not explain how the NY Fed would be liable to EA if *NCE*

---

[3] EA contends that the district court made numerous evidentiary errors. Those contentions need not be addressed because, even if we assumed error, there is no evidence in the record establishing that EA was the first user of the Marks in commerce. And at no point in its briefing does EA contest this determinative issue.

was found to have infringed the Marks. Second, EA fails to articulate how its claims against the NY Fed depend on NCE's claim against EA for non-infringement. *See Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000) (stating that an "impleader action must be dependent on, or derivative of, the main . . . claim"). For instance, in its third-party complaint, EA alleges that the NY Fed infringed the Marks itself and breached contracts between EA and the NY Fed. *See* Special App'x at 18–20. Those are separate and unrelated claims from the issue of whether NCE purportedly infringed the Marks. The fact that EA's claims against the NY Fed involve the same marks at issue in the main claims does not, by itself, make a third-party action against the NY Fed proper under Rule 14(a)(1). Because EA fails to show that the NY Fed was a proper third-party defendant, it cannot establish that the district court abused its discretion in dismissing the third-party complaint as to the NY Fed.

\* \* \*

We have considered EA's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7